# Supreme Court of Florida

_____

No. SC20-1220

_____

**THE FLORIDA BAR RE: ADVISORY OPINION—OUT-OF-STATE ATTORNEY WORKING REMOTELY FROM FLORIDA HOME.**

May 20, 2021

PER CURIAM.

This matter is before the Court for consideration of a proposed advisory opinion from the Standing Committee on the Unlicensed Practice of Law (Standing Committee) regarding an out-of-state licensed attorney working remotely from Florida. We have jurisdiction. *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 10-9.1(g).

Thomas Restaino, an out-of-state licensed attorney, filed with the Standing Committee a request for issuance of an advisory opinion on the issue of whether it constituted the unlicensed practice of law for him to work remotely from his Florida home solely on federal intellectual property matters for a New Jersey

based law firm. The Standing Committee held a public hearing on Mr. Restaino's request, after which it filed with the Court a proposed advisory opinion concluding that Mr. Restaino's remote work activities do not constitute the unlicensed practice of law in Florida.

After the Standing Committee filed its proposed advisory opinion, the Court invited Mr. Restaino and all other interested parties to file either a brief or response in support of or in opposition to the opinion. The Real Property, Probate, and Trust Law Section of The Florida Bar filed a response in support of the proposed opinion. No other briefs or responses were filed.

Having considered the proposed opinion and the response filed, the Court hereby approves the proposed advisory opinion as set forth in the appendix to this opinion.[1]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

1. References in the Appendix to TABS A, B, C, and D, are to the attachments to the proposed advisory opinion originally filed by the Standing Committee in this case on August 17, 2020.

Original Proceeding – The Florida Bar Re: Advisory Opinion

Susanne McCabe, Chair, Jeffrey T. Picker, and William A. Spillias, Standing Committee on Unlicensed Practice of Law, The Florida Bar, Tallahassee, Florida,

     On behalf of the Standing Committee on the Unlicensed Practice of Law

William Thomas Hennessey III, Chair, Real Property, Probate and Trust Law Section of The Florida Bar, West Palm Beach, Florida,

     Responding

**Appendix**

THE FLORIDA BAR
STANDING COMMITTEE ON THE
UNLICENSED PRACTICE OF LAW


FAO #2019-4, OUT-OF-STATE ATTORNEY WORKING
REMOTELY FROM FLORIDA HOME

_____/


<u>PROPOSED ADVISORY OPINION</u>


August 17, 2020

## INTRODUCTION

This request for a formal advisory opinion is brought pursuant to Rule 10-9.1 of the Rules Regulating The Florida Bar. The Petitioner, Thomas Restaino (hereinafter, "Petitioner"), is an out-of-state licensed attorney who asked whether it would be the unlicensed practice of law for him, a Florida domiciliary employed by a New Jersey law firm (having no place of business or office in Florida), to work remotely from his Florida home solely on matters that concern federal intellectual property (hereinafter, "IP") rights (and not Florida law) and without having or creating a public presence or profile in Florida as an attorney (TAB A).

Pursuant to Rule 10-9.1(f) of the Rules Regulating The Florida Bar, public notice of the hearing was provided on The Florida Bar's website, in The Florida Bar News, and in the Orlando Sentinel. The Standing Committee held a public hearing on February 7, 2020. Testifying at the hearing were the Petitioner and Florida attorney Barry Rigby. In addition to the testimony presented at the hearing (TAB B), the Standing Committee received written testimony from three attorneys, which has been filed with this Court (Tab C).

## FACTS

Petitioner set forth the following facts in his request for advisory opinion (TAB A) and in his testimony at the public hearing (TAB B): He is licensed to practice law in New Jersey, New York, and before the United States Patent and

Trademark Office (hereinafter "USPTO"). He is not licensed to practice law in Florida. He recently retired from his position as chief IP counsel for a major U.S. Corporation.[1] That position was in New Jersey. He moved from New Jersey to Florida. He started working as an attorney with a New Jersey law firm specializing in federal IP law. The firm has no offices in Florida and has no plans to expand its business to Florida. His professional office will be located at the firm's business address in New Jersey, although he will do most of his work from his Florida home using a personal computer securely connected to the firm's computer network. In the conduct of his employment with the firm, he will not represent any Florida persons or entities and will not solicit any Florida clients. While working remotely from his Florida home, he will have no public presence or profile as an attorney in Florida. Neither he nor his firm will represent to anyone that he is a Florida attorney. Neither he nor his firm will advertise or otherwise inform the public of his remote work presence in Florida. The firm's letterhead and website, and his business cards will list no physical address for him other than the firm's business

---

1. In that role, Petitioner was responsible for all IP related advice and counsel to the businesses and divisions of the company. And while he is registered to practice before the USPTO, that was only a small part of the work he had done for the company (TAB B; p. 9, lines 10-17). While the Supreme Court, in *The Florida Bar v. Sperry*, 373 U.S. 397 (1963), held that Florida may not prohibit the representation of clients before the USPTO by USPTO-registered practitioners as the unlicensed practice of law, Petitioner's request does not involve his practice before the USPTO, but other aspects of his work.

address in New Jersey and will identify him as "Of Counsel – Licensed only in NY, NJ and the USPTO." The letterhead, website, and business cards will show that he can be contacted by phone or fax only at the firm's New Jersey phone and fax number.[2] His professional email address will be the firm's domain. His work at the firm will be limited to advice and counsel on federal IP rights issues in which no Florida law is implicated, such as questions of patent infringement and patent invalidity.[3] He will not work on any issues that involve Florida courts or Florida property, and he will not give advice on Florida law.

At the hearing, Petitioner testified "we've tried to set up and utilize the technology in a fashion that essentially places me virtually in New Jersey. But for the fact that I'm physically sitting in a chair in a bedroom in Florida, every other aspect of what I do is no different than where I'm physically sitting in a chair in Eatontown, New Jersey and that's the way I tried to and have structured it so that the public sees a presence in, in Eatontown, New Jersey and no other presence." (TAB B, pp. 27-8; lines 25 – 9).

---

2. Phone calls to his law firm and his extension are routed to his cell phone. While clients do not dial his cell phone number directly, Petitioner's cell phone has a New Jersey area code (TAB B; p. 14, lines 5-9 and 13-17).

3. Throughout Petitioner's 32-year legal career, he has limited his practice to federal IP rights, generally, with an expertise in patent rights (TAB B; p. 9, lines 2-6). Petitioner testified that most of his law firm's work is for his former corporate employer and that as a practical matter he would be working for his former employer as outside counsel (TAB B; p. 13, lines 12-15).

Petitioner further explained "the firm employs a cloud-based system. All the files are located in New Jersey. It's actually pretty amazing. I didn't have any appreciation for this technology before I started with the firm. . . . [T]he way it works is . . . my computer in Florida is just a keyboard and a mouse and a screen. But the computer doesn't actually – you don't generate documents on the computer. Everything is actually on a computer in New Jersey, server in New Jersey. And you are just simply supplying that computer with mouse clicks and taps on your keyboard. And the document you're creating, . . . like if I were writing an amendment to USPTO office action, is actually being created in New Jersey. It's just the tapping happens in Florida, if you will." (TAB B; pp. 28-9, lines 11 – 3).

<u>DISCUSSION</u>

Rule 4-5.5(b)(1) of the Rules Regulating The Florida Bar provides that a lawyer who is not admitted to practice in Florida may not establish an office or other regular presence in Florida for the practice of law.

It is clear from the facts in Petitioner's request and his testimony at the public hearing that Petitioner and his law firm will not be establishing a law office in Florida. It is equally clear that Petitioner will not be establishing a regular presence in Florida for the practice of law; he will merely be living here.

The facts raised in Petitioner's request, quite simply, do not implicate the unlicensed practice of law in Florida. Petitioner is not practicing Florida law or providing legal services for Florida residents. Nor is he or his law firm holding out to the public as having a Florida presence. As Petitioner testified, "we . . . tr[ied] to make sure that no Florida citizens, no Florida businesses, certainly not the Florida courts, would have any exposure to me or . . . the work I was doing." (TAB B, p. 13; lines 19-23).

All indicia point to Petitioner's practice of law as being in New Jersey, not in Florida. It is the opinion of the Standing Committee that based on the facts set forth in his request and hearing testimony, and since there is no attempt by Petitioner or his firm to create a public presence in Florida, Petitioner does not have a presence in Florida for the practice of law.

As this Court noted in *The Florida Bar v. Moses*, 380 So. 2d 412, 417 (Fla. 1980), "the single most important concern in the Court's defining and regulating the practice of law is the protection of the public from incompetent, unethical, or irresponsible representation." Because Petitioner is not providing legal services to Florida clients, no Floridians are being harmed by Petitioner's activity and there are no interests of Floridians that need to be protected by this Court.[4]

---

4. Under Rule 8.5(a) of the New Jersey Rules of Professional Conduct (TAB D), a lawyer admitted to practice in New Jersey is subject to the disciplinary authority of New Jersey regardless of where the lawyer's conduct occurs.

In May 2019, the Utah Ethics Advisory Opinion Committee (hereinafter, "UEAOC"), in Opinion No. 19-03, opined that an individual licensed in another state who establishes a home in Utah and practices law for clients from the state where the attorney is licensed and who neither solicits Utah clients nor establishes a public office in Utah is not engaged in the unauthorized practice of law (TAB E). In coming to this conclusion, the UEAOC found no case in any jurisdiction where an attorney was disciplined for practicing law out of a private residence for out-of-state clients located in the state where the attorney is licensed. It also pointed out that the concern [under Utah's version of Rule 4-5.5] is that an attorney not establish an office or public presence in a jurisdiction where the attorney is not admitted, and that concern is based upon the need to protect the interests of potential clients in that jurisdiction. In paragraph 16 of its opinion, the UEAOC posed the following question: "[W]hat interest does the Utah State Bar have in regulating an out-of-state lawyer's practice for out-of-state clients simply because he has a private home in Utah? . . . [T]he answer is . . . none."

Like the UEAOC, the Standing Committee's concern is that the Petitioner does not establish an office or public presence in Florida for the practice of law. As discussed above, neither is occurring here. And in answering the same question

Consequently, Petitioner's clients would be protected by the Office of Attorney Ethics, the investigative and prosecutorial arm of the Supreme Court of New Jersey.

- 10 -

posed by the UEAOC, it is the opinion of the Standing Committee that there is no interest that warrants regulating Petitioner's practice for his out-of-state clients under the circumstances described in his request simply because he has a private home in Florida.

In light of the current COVID-19 pandemic, the Standing Committee finds the written testimony of Florida-licensed attorney, Salomé J. Zikakis, to be particularly persuasive:

> I believe the future, if not the present, will involve more and more attorneys and other professionals working remotely, whether from second homes or a primary residence. Technology has enabled this to occur, and this flexibility can contribute to an improved work/life balance. It is not a practice to discourage.

> There are areas of the law that do not require being physically present, whether in a courtroom or a law office. Using the attorney's physical presence in Florida as the definitive criteria [sic] is inappropriate. So long as the attorney is not practicing Florida law, is not advertising that he practices Florida law, and creates no public presence or profile as a Florida attorney, then there is no UPL simply because the attorney is physically located in Florida. There is no harm to the public. These facts do not and should not constitute UPL in Florida.

(TAB C).

CONCLUSION

It is the opinion of the Standing Committee that the Petitioner who simply establishes a residence in Florida and continues to provide legal work to out-of-state clients from his private Florida residence under the circumstances described in this request does not establish a regular presence in Florida for the practice of

law.  Consequently, it is the opinion of the Standing Committee that it would not be the unlicensed practice of law for Petitioner, a Florida domiciliary employed by a New Jersey law firm (having no place of business or office in Florida), to work remotely from his Florida home solely on matters that concern federal intellectual property rights (and not Florida law) and without having or creating a public presence or profile in Florida as an attorney.

　　　/s/ Susanne McCabe by Jeffrey T. Picker
Susanne McCabe, Chair
Standing Committee on
Unlicensed Practice of Law
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5840
Fla. Bar No. 771511
Primary Email: upl@floridabar.org

　　　/s/ Jeffrey T. Picker
Jeffrey T. Picker
Fla. Bar No. 12793

　　　/s/ William A. Spillias
William A. Spillias
Fla. Bar No. 909769
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5840
Primary Email: jpicker@floridabar.org
Secondary Email: upl@floridabar.org